UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION
CASE NO.: 1:17-cv-60092

SOO KO,

    Plaintiff,

v.

MSC CRUISES, S.A.,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, SOO KO ("Plaintiff"), through undersigned counsel, sues Defendant, MSC CRUISES, S.A. ("Defendant"), and demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

3. Plaintiff is *sui juris* and is a resident and citizen of Rancho Palos Verdes, California.

4. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business

in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Broward County Florida.

5. Defendant is a citizen of the State of Florida.

6. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

7. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. **DATE OF INCIDENT**: This incident occurred on or about March 31, 2016.

9. **LOCATION OF INCIDENT**: This incident occurred when the Plaintiff was a lawfully paying passenger aboard the Defendant's, *MSC'S*, cruise ship vessel *DIVINA*.

10. **DESCRIPTION OF THE INCIDENT:** At all times relevant, Defendant owed a duty to Plaintiff to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

11. However, on the date and time of the incident, and at the location of the incident, there was a foreign liquid substances located in front of a "push bar" door.

12. On the date and time of the incident, Plaintiff was heading to deck 14, where the elevators and buffet is located, to best of her knowledge and recollection.

13. While walking to the deck, Plaintiff slipped on a foreign liquid substance that was located in front of a "push bar" door.

14. At the time of Plaintiff's slip, she was reaching to push the "push bar" door.

15. As she pushed the "push bar" door, her foot slipped on the foreign liquid substance.

16. This caused her to fall onto the door, while pushing the "push bar".

17. At the time, Plaintiff's thumb was located between the open portion of the "push bar".

18. The "push bar" slammed back onto Plaintiff's thumb, crushing the thumb inside the opened portion of the "push bar".

19. Plaintiff slipped and fell, while her thumb was still caught in the "push bar."

20. This fall caused Plaintiff to suffer grievous bodily injury, including, but not limited to, severe tendon and nerve damage to her thumb.

21. Due to this incident, Plaintiff suffered other damages, which she will describe later on in this Complaint.

22. **OTHER FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**: At all times relevant, the floor and "push bar" door that are the subject of this incident were hazardous, unreasonably dangerous, defective, outdated, not adequately slip or trip resistant, and/or otherwise unsafe.

23. The hazardous conditions of the floor and "push bar" door were known or should have been known to Defendant in the exercise of reasonable care.

24. These dangerous conditions existed for a period of time before the incident.

25. These conditions were neither open nor obvious to Plaintiff.

26. Nevertheless, at all times relevant, Defendant failed to adequately inspect the floor and/or the adjacent floor for dangers.

27. At all times relevant, Defendant failed to adequately inspect the floor and/or the adjacent floor to insure that they were reasonably safe for use and were in a reasonably safe condition.

28. At all times relevant, Defendant failed to adequately inspect and maintain the "push bar" door to insure that it was reasonably safe for sue and in a reasonably safe condition.

29. At all times relevant, Defendant failed to eliminate the hazard(s).

30. At all times relevant, Defendant failed to properly maintain the floor.

31. At all times relevant, Defendant failed to properly maintain the "push bar" door.

32. At all times relevant, Defendant failed to maintain the area surrounding the floor, which includes, but is not limited to, the adjacent floor.

33. At all times relevant, Defendant designed and/or employed a floor that lacked adequate safety features to prevent a fall such as Plaintiff's.

34. At all times relevant, Defendant designed and/or employed a "push bar" door, that lacked adequate safety features to prevent an injury such as that in which Plaintiff sustained.

35. At all times relevant, Defendant designed and/or employed a floor material/floor surfacing that lacked adequate non-slip characteristics.

36. At all times relevant, Defendant designed and/or employed a floor material/floor surfacing that was unreasonably slippery even when uncontaminated by foreign substances.

37. At all times relevant, Defendant designed and/or employed a "push bar" door that was unreasonably dangerous.

38. At all times relevant, Defendant designed and/or employed a "push bar" door that was defective.

39. At all times relevant, Defendant participated in or approved of the design of the floor, including the relevant parts, involved in the incident.

40. At all times relevant, Defendant participated in or approved of the design of the "push bar" door, including the relevant parts, involved in the incident.

41. At all times relevant, Defendant also participated in or approved of the installation of the "push bar" door, including the relevant parts, involved in the incident.

42. At all times relevant, Defendant failed to properly train and supervise its crew to recognize and resolve a hazardous condition.

43. Furthermore, the lighting was inadequate to enable Plaintiff to notice any hazards.

## COUNT I
## NEGLIGENCE

44. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 43 as if set forth herein.

45. At all times relevant, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

46. Such duties include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

47. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

48. At all times material, the Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to inspect, clean, keep and maintain its floors and/or adjacent floors in a reasonably safe condition;

   b. Failing to inspect and maintain the subject "push bar" door in a reasonably safe condition;

c. Failing to take proper precautions for the safety of passengers using its floors and/or "push bar" doors;

d. Failing to warn Plaintiff of the dangerous conditions of the floor and/or "push bar" doors;

e. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of its floors;

f. Failing to have adequate policies and procedures in place for inspection and maintenance of its "push bar" doors.

g. Creating a dangerous condition or failing to remedy a dangerous condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

h. Failing to adequately train its crew to keep its floors and/or adjacent floors free of hazards;

i. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this ship was inadequately staffed.

j. Failing to provide adequate lighting to enable passengers to notice any hazards.

k. Failing to use proper anti-slippery materials on its floors and/or adjacent floors so as to prevent passengers from slipping;

l. Designing and/or employing a floor material and/or floor surfacing that was unreasonably slippery even when uncontaminated by foreign substances;

m. Designing and/or employing a "push bar" door that was unreasonably dangerous and/or hazardous.

    n. Designing and/or employing a "push bar" door that was defective.

    o. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence.

    p. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

    q. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

49. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

50. Defendant either (a) had actual knowledge of the dangerous conditions; (b) had constructive knowledge of the dangerous conditions; (c) would have had knowledge of the dangerous conditions had the Defendant implemented proper methods of inspection; and/or (d) created the dangerous conditions.

51. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

52. The losses are either permanent or continuing.

53. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, SOO KO, demands Judgment against Defendant, MSC, for damages suffered as a result of Defendant's negligence, including bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of ability to earn

money, loss of important bodily functions, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** this 13th day of January, 2017.

                                        ARONFELD TRIAL LAWYERS
                                        Attorneys for Plaintiff
                                        3132 Ponce de Leon Boulevard
                                        Coral Gables, Florida 33134
                                        P:     (305) 441.0440
                                        F:     (305) 441.0198

By:    *s/Spencer Aronfeld, Esq.*
         Spencer Aronfeld, Esq.
         Florida Bar No.: 905161
         Aronfeld@Aronfeld.com

By:    *s/Lovecia A. Holmes, Esq.*
         Lovecia A. Holmes, Esq.
         Florida Bar No.: 124132
         lholmes@Aronfeld.com

By:    *s/Matthias M. Hayashi, Esq.*
         Matthias M. Hayashi, Esq.
         Florida Bar No.: 0115973
         MHayashi@Aronfeld.com